The Howard, etc., Company *et al. vs.* The Water Lot Company.

to the appointed party, or to have proved by him that they were not in his custody or control. Plaintiff showed no connection between his title and those deeds, so far as it appears from the record, and it might well be that the defendants themselves set up title under the deeds and had them in possession. A new trial is granted on the first ground.

Judgment reversed.

THE HOWARD MANUFACTURING COMPANY *et al.*, plaintiffs in error, *vs.* THE WATER LOT COMPANY, defendant in error.

1. Where a lot conveyed to the defendant was, by the deed, made perma-- nently chargeable, in the hands of said defendant, or his heirs or assigns, with a proportionate part of an expense to be incurred by the complainant, such charge constituted a covenant running with the land and attached to it wherever the title might be.

2. The distinction between mere personal covenants and covenants running with the land, is this: in the former, the covenant has no relation to the land conveyed; in the latter, the covenant relates directly to the land and follows it into the hands of assignees.

3. Where a complainant relies upon a written contract it must be set forth in the bill or attached thereto as an exhibit.

Covenants. Land. Title. Equity. Exhibits. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1874.

For the facts, see the decision.

R. J. MOSES; BLANDFORD & GARRARD, for plaintiffs in error.

H. L. BENNING, for defendant.

WARNER, Chief Justice.

It appears from the record in this case that on the 13th December, 1859, Van Leonard, trustee of the Howard Manufac-

turing Company, recovered a judgment in the superior court of Muscogee county *vs.* the Water Lot Company, for breach of covenant—damages, $3,033 00 and costs. An execution was issued on this judgment on 18th September, 1867, and the present bill was filed to enjoin its collection on 21st December, 1868.

On the 23d June, 1873, Jesse J. Bradford, trustee, was made a party in place of Van Leonard, trustee, deceased.

On the 21st May, 1871, defendant filed a demurrer, and on the same day filed a plea setting forth that the suit on which said judgment was founded had been transferred by the Howward Manufacturing Company to R. J. Moses, for the benefit of divers judgment creditors of said company, amounting to $11,000 00, and that the proceeds collected upon said judgment were to be paid *pro rata* to said creditors, less one-fourth the amount of the same, which was to be retained by him for his fees. This assignment was made in 1854. The court overruled this plea, but directed that R. J. Moses should be made a party, which was done, and the bill amended June 23d, 1873.

At the November term, 1874, defendant moved to dismiss the bill for want of equity and on the special ground of demurrer filed at May term, 1871.

The court overruled the demurrer on both grounds, and this is assigned for error.

The following are the grounds of equity set forth in the bill: That the Water Lot Company, July 9th, 1847, conveyed by deed to Van Leonard, as trustee of the Howard Manufacturing Company, water lot eleven, containing the following covenants—the deed is set forth, and after conveying the property for $5,000 00, contains this clause:

"And it is agreed and understood between the parties that this grant is subject to the following conditions and restrictions, to-wit: That the buildings which may be erected by the said Van Leonard, trustee, his heirs or assigns, on said lot number eleven, shall be fire-proof inside, and shall be equi-distant from the north and south lines of said lot; shall

not exceed fifty feet in width, so that there shall be an open space of eleven feet between the walls of the building and the boundary lines.

"And further: That the said lot in the hands of the said Van Leonard, trustee, as aforesaid, or his heirs or assigns, shall be and is hereby made permanently chargeable with one-nineteenth part of the expense of repairing the dam across said Chattahoochee river and said canal or reservoir.

"And the said Water Lot Company hereby covenants with the said Van Leonard, trustee, as aforesaid, his heirs and assigns, that they will not bargain or sell any of their lots undisposed of except upon condition that the buildings which may be erected shall be equi-distant from the boundary lines as hereinbefore expressed; and further, that the said Van Leonard, trustee, aforesaid, his heirs and assigns, shall be entitled to use the water commanded by said dam and said canal or reservoir, in proportion to the number of lots in said survey now improved, or which may be hereafter improved, and when all of said lots—nineteen in number—shall be improved, the said Van Leonard, trustee, his heirs and assigns, shall be entitled to use one-nineteenth part of all the said water commanded by said dam and canal, which water shall be taken from said canal and conducted across the water passage in flumes or aqueducts in such manner as not to impede or obstruct the passage of the water through said water-way from the machinery above said lot eleven."

There are further covenants not to allow any buildings erected than such as Van Leonard is permitted to erect.

The *habendum* is to Van Leonard, in trust for the stockholders of the Howard Manufacturing Company, their heirs and assigns, forever.

The deed is signed:

"JOHN H. HOWARD, *President.*

"JOHN B. BAIRD,

[L. S.]    "W. L. JETER,

"FARISH CARTER, *Directors.*"

The bill further alleges that at the same time another agreement was made, under seal, between the same parties, (of which agreement no copy is attached,) but the bill alleges it was covenanted and agreed that the said Van Leonard, trustee, shall blast out the water-way opposite lots twelve and eleven to the width of sixty feet, and the depth of what at the time was the depth of said waste-way opposite to each or any of said lots; denies that Van Leonard or the Howard Manufacturing Company kept any of its covenants; alleged that the buildings were not equi-distant and were not fire-proof; that there was not an uncovered space of eleven feet, and that although the Water Lot Company in 1866 and 1867 expended $57,979 46 in repairing said dam and canal, neither the said Van Leonard nor the Howard Manufacturing Company has paid any part; that one-nineteenth is $3,051 00, which they claim to set off against the judgment of Van Leonard; and that by failing to blast out the race-way, or to build the buildings according to the conditions, they were damaged $2,000 00, or other large sum; that the Howard Manufacturing Company became indebted to Mitchell and others, and that the lot was sold under a *fi. fa.* by Rutherford, sheriff, on the 5th April, 1853, and under other *fi. fas.*, subject to incumbrances of mortgages and bonds, equal to the value of the lot, which, therefore, only brought $3 00; and that no notice of this covenant to repair was given to the purchaser or proclaimed at the sale; that Van Leonard, the trustee, is dead, and the Howard Manufacturing Company had ceased to do business since 1856; has no property out of which to satisfy the claims of the Water Lot Company, and has no officers through whom it could be sued or served, and prays that the Howard Manufacturing Company may account for the matters aforesaid; that the said *fi. fa.* shall be satisfied, and a decree rendered against the Howard Manufacturing Company for balance. Prays for injunction and subpœna. The sheriff was also made a party, and upon this bill an injunction was granted December 19th, 1869, which is still of force.

1. The question in this case is, whether the complainant,

The Howard, etc., Company *et al. vs.* The Water Lot Company,

by its bill, on the allegations contained therein and the exhibit attached thereto, is entitled to have the interference of a court of equity to restrain the defendant from the collection of its judgment against the complainant.    The main ground of the complainant's equity is that the defendant is indebted to it for damages in consequence of a breach of its implied covenant contained in the deed which it accepted from the complainant, set forth in the record, that the defendant is insolvent, and if the complainant shall be compelled to pay off the judgment it will be remediless to recover damages for the alleged breach of its covenant made with the complainant.    Assuming, as the argument for the complainant does, that the defendant was bound in law by its implied covenant, it and its assigns, to pay one-nineteenth part of the expense of repairing the dam across the Chattahoochee river and said canal or reservoir, and that it has assigned that covenant to other persons, does it therefore follow that the complainant would be *remediless* to recover damages for a breach of that covenant?    In our judgment, the one-nineteenth part of the expense of repairing the dam and said canal or reservoir was a *permanent charge* on lot number eleven unto whomsoever the title thereto might be conveyed or assigned.    In other words, the charge upon the lot which the defendant covenanted should be a *permanent charge* thereon, runs with it, and the assignee of that covenant holds the lot subject to that charge upon it, and if the complainant has been damaged by a breach of that covenant, as alleged in its bill, it has an ample remedy against the assignees of that covenant under that title, for aught that appears from the allegations contained in its bill; and that being so, it was error in overruling the defendant's demurrer to the complainant's bill.

2. The distinction between mere *personal* covenants and covenants running with the land, is this; in the former, the covenant has no relation to the land conveyed; in the latter, the covenant relates directly to the land conveyed, sticks to it, and follows it into the hands of the assignees of the latter covenant.    A court of equity will not enjoin the proceedings

and processes of a court of law, unless there is some inter-
vening equity or other proper defense of which the party
complaining, without fault on his part, cannot avail himself
at law : Code, section 3218.

3. The special demurrer to the complainant's bill, because
it did not set forth the agreement referred to therein, for blast-
ing out opposite lots eleven and twelve, for which the com-
plainant claims damages, should have been sustained.   The
agreement should have been set forth or attached to the bill
as an exhibit, so as to enable the court to judge of the legal
effect thereof as to the defendant's liability thereon to the
complainant, as claimed by it.

Let the judgment of the court below be reversed.