### CENTRAL GEORGIA POWER COMPANY *v.* BUTTS COUNTY.

BECK, J. 1. A written contract duly entered on the minutes of the county board, between the commissioners of roads and revenues of a county and a power company intending to use water to be contained in a large reservoir as its source of power, that if the county will suffer the flooding of a certain road, the power company will make the necessary changes of location and erect the necessary bridges, all at its own expense, before the reservoir is filled, is an enforceable contract; and if for any cause specific performance of it is impossible, damages for its breach may be recovered.

(a) The written application by the power company, its acceptance by the proper county authorities, and the entry of both on the minutes, are sufficient to constitute a contract.

2. In a suit to enforce a contract of the nature set out in the preceding headnote, it is not necessary to affirmatively allege that the alterations in the road and the construction of the bridge are of public utility. That will be implied prima facie from the existence of the original public road contracted to be altered. If for any cause the road should be of no public utility, and the construction of the bridge unnecessary for public use, so as to relieve the power company of its obligation, such matters would be defensive to the county's petition to enforce the contract.

3. A judgment sustaining a demurrer to a petition by the county to enjoin the power company from backing water upon the road, without first complying with its obligation to make the necessary alterations and construct the necessary bridge, is not 'a bar to the present proceeding. *Judgment affirmed. All the Justices concur.*

FEBRUARY 25, 1913.

Equitable petition. · Before Judge Felton.   Bibb superior court. August 29, 1911.

*Hatcher & Smith,* for plaintiff in error.

*W. E. Watkins* and *E. J. Reagan,* contra.