## WOODALL *v.* WILLIAMS.

No. 9009. FEBRUARY 15, 1933.

*Cecil R. Hall,* for plaintiff. *George B. Rush,* for defendant.

GILBERT, J. The petition, brought by Mattie Woodall, against James Williams, was amended three times. Finally, on motion of the defendant "that the petition and amendments thereto do not set out a cause of action," the petition was dismissed. Error is assigned upon that judgment. As finally amended, the petition alleged that on November 10, 1930, the defendant, James Williams, was in possession of and cultivating described real estate and claimed an interest therein by virtue of a tax deed against M. W. Woodall, covering state and county taxes for the year 1923, "made to W. C. Foster and subsequently acquired under quitclaim deed by . . James Williams from W. C. Foster et al.;" that the claim of Williams was disputed by the petitioner, Mattie Woodall, "who acquired title under year's support proceedings in Fulton court of ordinary, out of the estate of her deceased husband;" that in order to effect a compromise settlement of their dispute they entered into an agreement by which Williams agreed "to purchase said described real estate" for a consideration of $235, four dollars of which was paid in cash, the balance to be paid, $100 Dec. 10, 1930, and nine monthly installments of $15 each, with interest at seven per cent. The contract contained the following: "The said Mattie Woodall,

when this transaction is closed, agrees to convey said described real estate to James Williams by proper warranty deed, which conveyance shall be subject only to the lien for taxes for the year 1930 and to the lien of tax fi. fa. covering 1923 state and county taxes against M. W. Woodall, which fi. fa. has been purchased by the said James Williams, and to the interest acquired by the said James Williams by virtue of the quitclaim deed dated November 12, 1929, recorded in deed book 1932, page 514, Fulton County records." It was further alleged that although since the execution of the contract petitioner had been ready, willing, and able to perform the obligations thereof, and had executed and placed in escrow, prior to December 10, 1930, a warranty deed conveying the land to Williams, he had failed and refused to perform, had breached and repudiated the contract, and was trying to delay petitioner in the exercise of her rights under the contract, in an effort to ripen and establish prescriptive title of his own under color of his tax deed; that the measure of damages recoverable at law on account of the non-performance of the contract is inadequate, uncertain, and difficult of ascertainment; that petitioner was without remedy at law to compel performance by the defendant of his obligations under the contract; that the only reason or excuse given by him for his failure to comply with the contract was that he did not have the money; that he had known all along that the deed was in escrow and ready for delivery upon payment of the agreed purchase-price; that unless a court of equity should take jurisdiction, a multiplicity of suits involving title to said real estate would result, by reason of the inability of a court of law to grant specific performance of the contract. The prayers were that "defendant be required . . to specifically perform his obligations under the aforesaid contract;" for general relief; and, "if for any cause the specific performance of the contract . . is impossible or inexpedient, that the court assess damages against the defendant for breach of said contract, . . in the sum of $231, being the amount of purchase-price specified in the contract;" together with interest.

1. The petition set out a cause of action for specific performance, as against the motion to dismiss. It was not in any sense an action for land, or an ejectment suit. On the contrary the petitioner executed in escrow a deed conveying the land to the defendant upon payment of the price alleged to be due under the contract. There-

fore none of the special allegations required for suits to recover land were included in the petition, and a demurrer based upon failure to include such allegations would be without merit. It was neither necessary nor appropriate for the petition to include a copy of any proceeding for the setting aside of a "year's support" by the court of ordinary, to show title in the plaintiff. She was not undertaking to recover the land. That proceeding may have been defective—so may and probably was the basis of the claim of the defendant. It was, we assume, because of such defects that the parties settled their dispute by a contract in writing. The petition sought payment either (1) by specific performance under the terms of the contract, or (2) in damages for the breach of the contract. There is no special demurrer to be considered. The "motion to dismiss" admits the execution of the contract as alleged. It admits that the defendant Williams is in possession of the land described in the contract; also that Williams "claimed an interest" in the land. For present purposes and under the allegations the basis of that claim is immaterial. The motion admits that the claim of Williams "was disputed" by petitioner, Mrs. Woodall, and that petitioner "claimed" title to the land. And finally it is alleged that the parties entered into and executed the said contract "to effect a compromise settlement of their dispute." The defendant could "buy his peace," and such peace constitutes a sufficient consideration to support the contract. The petition obviously set out a cause of action to recover the amount stated in the contract, whether it be technically specific performance or merely a recovery of an amount due on a promissory note. The contract of purchase and sale transferred to defendant Williams all of the interest of petitioner in an Atlanta city lot, 28 by 45.2 feet, for a consideration of $235, of which $4 was deposited by Williams on the date named in the contract, "as earnest money." Therefore the court erred in sustaining the motion and in dismissing the petition for specific performance.

2. The petition prays for damages in lieu of specific performance, if for any reason specific performance is impossible or inexpedient. In *Tippins* v. *Phillips*, 123 *Ga.* 415, 416 (51 S. E. 410), it was said: "In order to recover damages in lieu of specific performance, it is essential that a case for specific performance be made out." That position is untenable, as may be easily demonstrated.

The decision in *Prater* v. *Sears, 77 Ga. 28,* quoted as authority in *Tippins* v. *Phillips,* does not support the unqualified statement as made in the *Tippins* case. In the *Prater* case the question was one of jurisdiction. The second headnote was as follows: "In order to recover damages in lieu of specific performance, when the latter can not be had because the party has put it beyond his power by his conduct, it is essential that a case for specific performance should be made out, so as to give equity jurisdiction of the subject-matter; otherwise the courts of law will have jurisdiction and can relieve; and if the account which made the consideration of a promised deed be out of date, equity will not seize jurisdiction to put it within date. If equity had jurisdiction for the purpose of correcting a mistake in the contract and compelling a specific performance, it would decree damages in lieu of property which could not be returned in kind." The allegations in that case were insufficient to afford specific performance, and hence equity had no jurisdiction. If relief at law was sought, a court of law must exercise jurisdiction. Having appealed to equity, relief at law could not be had. That case was decided prior to the uniform procedure act of 1887 (Civil Code (1910), § 5406), as follows: "The superior courts of this State, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require." Since the adoption of that act, equitable and legal actions can be joined in the same petition addressed to the superior court. If a petition which undertakes to set out a cause of action either for legal or equitable relief, or for both, is sufficient to set out a cause of action for either relief, it will not be dismissed on general demurrer. In such case the suit will proceed for the relief appropriate to such of the allegations and prayers as are sufficient. *Teasley* v. *Bradley,* 110 *Ga.* 497 (4) (35 S. E. 782, 78 Am. St. R. 113); *Smith* v. *Hancock,* 163 *Ga.* 222 (136 S. E. 52), and cit. The action failed in the *Tippins* case, because, it being on a contract for sale and purchase of land, the description was held wholly insufficient. The ruling in the case, as summed up in the headnote, was as follows: "Neither specific performance nor damages for its breach will be decreed in an action on a written option to purchase land, where the land is so vaguely described that the writing furnishes no key to its identifi-

cation." The case was correctly decided, because, for lack of sufficient description, there was no binding contract. Without a valid contract certainly specific performance can not be enforced. Likewise, without a binding contract there can be no breach, ergo no damages for a breach. In the *Tippins* case there was no binding contract. In this case a binding contract is alleged. The concluding sentence of the opinion in the *Tippins* case shows clearly that the suit failed because there was no binding contract: "The written agreement on which the suit is based is void for lack of sufficient description of the land, and there was no error in sustaining the demurrer which pointed out this vital defect in the petition." Therefore it is clear that the statement made in the opening sentence of that opinion was unsound, and added nothing by way of authority for the decision rendered. The Civil Code (1910), § 4639, declares: "If, for any cause, the specific performance is impossible, or the vendee declines to accept a performance in part, the court may proceed to assess damages for the breach of the contract." This provision has been included in all of the Codes.

This court has dealt with the question a number of times. In *Lane* v. *Lodge*, 139 *Ga.* 93 (3 *a*) (76 S. E. 874), it was held "In an action for specific performance, damages for the breach of the contract may be recovered where for any cause specific performance is impossible." The same ruling was made in *Central Georgia Power Co.* v. *Butts County*, 139 *Ga.* 490 (77 S. E. 380), *Greer* v. *Pope*, 140 *Ga.* 743 (5), 749 (79 S. E. 846), *Boney* v. *Cheshire*, 147 *Ga.* 30 (92 S. E. 636), and *Grant-Jeter Co.* v. *American Real Estate Co.*, 159 *Ga.* 80 (3) (125 S. E. 73). All of the decisions here cited, as to the recovery of damages where specific performance could not be had, were unanimous decisions of this court, and therefore binding. In *Rosenkrantz* v. *Chattahoochee Brick Co.*, 147 *Ga.* 730 (95 S. E. 225), the majority of the court held: "The petition, properly construed, in the opinion of the majority of the court, is one for specific performance of the contract only." For the reasons stated, the petition set out a cause of action for recovery of damages in lieu of specific performance, if for any reason the latter is impossible.    *Judgment reversed. All the Justices concur.*