## 30910. GOLDBERG *v.* VARNER.

674

DECIDED JULY 12, 1945.

676

*Fine & Hendrix, Noah J. Stone,* for plaintiff.

*Stephens Mitchell, Fulton Varner,* for defendant.

SUTTON, P. J. (After stating the foregoing facts.) The original lease was made by Andrews-Point Co. as lessor to Mrs. Robert Collins and Mrs. Ludwig Krueger as lessees for a period of five years. During the term of this lease the property was sold by Andrews-Point Co. to the Deans, and then was sold by the Deans to Mrs. Varner, the defendant herein. The plaintiff was paid the amount of his commissions on the rents by the respective owners of the property during the period of this lease. The last lease was between different parties and was for a different amount from the first lease contract. It was made by Mrs. Varner as lessor to Mrs. Ludwig Krueger as lessee, and was not a renewal of the first lease. But the plaintiff contends that, under paragraph 15 of the original lease contract, he is entitled to collect commissions on the rents under the last contract, although it may not be a renewal, but is a new lease. He would not be so entitled, unless the commission clause contained in paragraph 15 of the former lease contract is a covenant running with the land. For a covenant to be one running with the land it must have relation to the land or the interest or estate conveyed. It is stated in 14 Am. Jur. 497, § 20: "It is essential, however, to the creation of a covenant running with the land that it attach to, or be annexed to, some interest or estate therein and that it relate to or concern the land or estate conveyed and the use, occupation, or enjoyment thereof as indicated above. In other words, if a covenant is not in its nature and kind a real covenant, the declaration of the parties in the instrument that it shall run with the land can not create a real covenant. In the event that the act to be performed is merely collateral to the land and does not relate to the property demised, then the assignee is not charged, though named in the covenant. The covenant is merely personal, and does not affect the land demised. Unless the agreement of the parties contains some element of a covenant which runs with the land, it can not

be enforced at law, and a future grantee will hold the land free and clear. If no interest passes and no possession attends the conveyance, the covenant obviously does not run with the land. It has accordingly been held in many jurisdictions that a covenant or agreement which deals simply with the use of the land is not a covenant running therewith, where such a covenant creates no interest in the land conveyed." It was held in *Grant-Jeter Co.* v. *American Real Estate Co.,* 159 *Ga.* 80 (125 S. E. 73), that, "An agreement between the owner of an apartment house and a real-estate agent, by which the owner did 'give, grant, and sell' to said agent (a corporation), 'its successors and assigns, the sole and exclusive right for the present leases, and for a period of five (5) years, beginning September 1, 1923, to rent, manage, and supervise' said property, and did 'confer upon said agent full and general power to make leases in his name, and in the name of his successors and assigns, with tenants and prospective tenants for said premises, . . to purchase supplies for said premises, to collect the rentals thereon, to hire and discharge janitors, . . and in general to manage and supervise said property,' did not constitute a covenant running with the land, nor did it confer upon the agent an easement in the property, nor was it such a restrictive agreement relating to the use and enjoyment of the land as equity treats as one going with the land into the hands of a purchaser with notice; but such agreement is of a collateral nature to the land, and is a personal obligation of the maker, which will not bind or pass to assignees even where they are expressly named and take with notice of such agreement." It is stated in the opinion in that case that, "To constitute a covenant running with the land, there must first be an interest or estate therein granted, the covenant must relate to the interest or estate granted, and the act to be done must concern the interest created or title conveyed. If the covenant is of a collateral nature to the land, and is incapable in law of attaching to the interest or estate granted, it is a personal obligation, and will not bind or pass to assignees, even where they are expressly named," and, after stating that rent is an incorporeal hereditament, the court said: "But there is a vast difference between rent and the right of an agent to lease, under contract with the owner, real estate of the latter, to purchase supplies for its maintenance, collect the rents, pay the same over to the landlord,

and receive a commission on the rents so collected for his services in discharging these duties. Such an agreement is not one in the nature of an easement, or one running with the land; and does not bind a purchaser from the owner of the land."

The agreement contained in paragraph 15 of the lease contract in this case is not a covenant running with the land and is not now binding on Mrs. Varner, who was not a party to that lease. The plaintiff was not entitled to recover and the trial judge properly so held. It follows that he did not err in overruling the motion for a new trial, and the appellate division of the civil court of Fulton County did not err in affirming that judgment.

*Judgment affirmed. Felton and Parker, JJ., concur.*