## 44855. JAMES TALCOTT, INC. v. ROY D. WARREN COMMERCIAL, INC.

Eberhardt, Judge. Roy D. Warren Commercial, Inc., a realtor, negotiated for the owner, International Office Park, Inc., a lease of space in its building to Billy Graham Evangelistic Association. A provision was incorporated in the lease by which the owner or lessor "agrees to pay to agent, Roy D. Warren Commercial, Inc., as compensation for services rendered in procuring this lease 5 percent of all rentals paid by the lessee under this lease. Lessor, with the consent of the lessee, hereby assigns to agent 5 percent of all rentals paid under this lease." Further provisions were, inter alia, that

in the event of a sale of the premises agent would release the lessor upon lessor's furnishing to it an agreement signed by the purchaser assuming lessor's obligations to agent.

Lessor sold the property to International Park Corporation, which assumed the lessor's obligations. Thereafter, International Park Corporation borrowed $2,000,000 from James Talcott, Inc. and, as security therefor, executed to the lender a security deed and an assignment of all leases. The assignment provided that in the event of default in prompt payment of instalments on the loan by the borrower, James Talcott, Inc., might notify the lessees and collect directly from them all of the rentals for application on the debt. There was a default and Talcott notified the lessees, including Billy Graham Evangelistic Association, to make all further rental payments to it. The association did so. Warren demanded of Talcott the 5 percent which lessor had agreed that it should have of the rentals, but Talcott declined to pay, and Warren brought suit to recover in three counts, one for money had and received, another seeking to enforce the agreement to pay the commissions against Talcott as assignee of the lessee, and a third seeking to enforce the agreement against Talcott as a successor in interest. Upon a stipulation of the facts the matter was submitted to the judge without a jury and judgment was rendered for the plaintiff, from which defendant appeals. *Held:*

1. Plaintiff could recover for money had and received only if it appears that the defendant has received money belonging to the plaintiff which, in equity and good conscience, defendant is not entitled to retain. *Whitehurst v. Mason,* 140 Ga. 148 (78 SE 938); *Orient Ins. Co. v. Dunlap,* 193 Ga. 241 (17 SE2d 703, 138 ALR 916). And see *Stern v. Howell,* 33 Ga. App. 693 (2) (127 SE 775). Unless it could be held that the agreement of the lessor to pay to Warren the 5 percent commission followed the lease into the hands of Talcott and bound it, there is no privity and there could be no recovery against Talcott, for it cannot be gainsaid that Talcott received the rentals under an assignment to it and thus under a claim of right.

"All covenants are either real or personal. Those so closely connected with the realty that their benefit or burden passes with the realty are construed to be covenants real; all others are personal." *Atlanta, Knoxville & N. R. Co. v. McKinney,*

124 Ga. 929, 931 (53 SE 701, 6 LRA (NS) 436, 110 ASR 215). If a covenant is personal, it binds only the original parties and those who may assume its obligation, and upon a conveyance of the land, or a transfer of the lease, as the case may be, the transferee takes free of the obligation of any personal covenant appearing in the deed or lease. *Code Ann.* § 29-301; *Howard Mfg. Co. v. Water-Lot Co.*, 53 Ga. 689 (2); *Willcox v. Kehoe*, 124 Ga. 484 (52 SE 896, 4 LRA (NS) 466, 4 AC 437); *Greer v. Pope*, 140 Ga. 743 (79 SE 846). See particularly *Grant-Jeter Co. v. American Real Estate Co.*, 159 Ga. 80 (125 SE 73) and *Goldberg v. Varner,* 72 Ga. App. 673 (2) (34 SE2d 722), which are substantially on all fours with the situation here. Cf. *Paul v. Bailey*, 109 Ga. App. 712, 716 (137 SE2d 337). It is our view that the agreement for the paying of commissions to Warren was a personal covenant.

Another way of stating the matter is found in 58 CJS 919, Money Received, § 7 (b): "Where there are two claimants for the same money and one of them is recognized as being entitled to it by the person from whom it is due, and is paid, the other cannot sue him to recover the money, for the reason that, having received the money under a claim of right in himself, the law will not imply any contract or promise by him to hold the money for the use of the other claimant, or to pay it over to him, and, therefore, there is not, under the circumstances, any privity of contract on which to found the action."

2. Because the covenant was a personal one, the second count failed to state a claim on which relief could be granted. That it was a personal covenant is apparently acknowledged in the provision that if the property were sold and lessor would procure, on behalf of Warren, an agreement from the purchaser to assume the obligation of the lessor to pay the commission, lessor would thenceforth be relieved.

3. Likewise, plaintiff could not prevail under Count 3.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED OCTOBER 6, 1969—DECIDED OCTOBER 23, 1969.

*Latimer, Haddon & Stanfield, William C. Haddon*, for appellant.

*Powell, Goldstein, Frazer & Murphy, Wayne Shortridge, Henry Young, Jr.*, for appellee.