25553. JOHNSON et al. v. MYERS et al.

ARGUED DECEMBER 9, 1969—DECIDED JANUARY 8, 1970.

24

*Hendon & Henley, J. W. Moulton, E. T. Hendon, Jr.,* for appellants.

*Michael A. Doyle,* for appellees.

NICHOLS, Justice. 1. The appellants' enumerations of error were filed within the proper time and the motion to dismiss is overruled.

2. The appellants filed a certified transcript of the proceedings which occurred on the trial of the case and specified in the notice of appeal that "all pleadings, motions, orders, briefs, affidavits, etc., be included in the record on appeal." The trial court has, since the record was originally filed in this court, transmitted the depositions referred to in the appellees' motion and certified that they were inadvertently omitted from the original transcript. Thus, the contention that the appeal be affirmed because certain papers apparently relied upon by the trial court in finally disposing of the case were not specified for inclusion in the record on appeal is without merit as all papers *on file* at the time the final judgment was rendered have been forwarded to this court and their original exclusion was not the fault of the appellants.

3. Pretermitting the alleged procedural errors enumerated, the real question involved is the effect of the paper denominated a "covenant running with the land."

This "contract" was not part of a conveyance of any interest in the land. The covenants were not real but personal and were collateral to the land. There was no privity of estate between the convenantors and the defendants. The defendants never owned the acreage or bought or sold any interest in it, which is necessary in order to create a covenant running with the land. Compare *Waycross Air Line R. Co. v. Southern Pine Co.*, 115 Ga. 7 (41 SE 271); *Henderson Lumber Co. v. Waycross &c. R. Co.*, 148 Ga. 69, 75 (96 SE 263).

"Necessity of Privity of Estate. Privity of estate ordinarily is essential in order that a covenant may run with the land. Ordinarily, a covenant may run with the land only when there is a subsisting privity of estate between the covenantor and covenantee, that is, when the land itself, or some estate or interest therein, even though less than the entire title, to which the covenant may attach as its vehicle of conveyance, is transferred; and, if there is no privity of estate between the contracting parties, the assignee will not be bound by, nor have

the benefit of, any covenants between the contracting parties, notwithstanding they relate to the land which he takes by purchase or assignment from one of the parties to the contract. The covenant of a stranger to the title is incapable of transmission by a mere conveyance of the land. Particularly is privity of estate essential in the case of covenants imposing burdens, although such privity may not be required in the case of covenants conferring benefits." 21 CJS 925, Covenants, § 58.

While privity of estate has been held not necessary in order to create what amounts to a covenant running with the land (see 20 AmJur2d 727, Covenants, § 168), and it has been said that such cases rest upon "privity of conscience" (*Rosen v. Wolff*, 152 Ga. 578 (110 SE 877)), yet in no case cited by either the appellants or appellees has an agreement not involving the grant of some estate in the realty been enforced against an assignee. As was held in *Grant-Jeter Co. v. American Real Estate Co.*, 159 Ga. 80, 83 (125 SE 73): "To constitute a covenant running with the land, there must first be an interest or estate therein granted, the covenant must relate to the interest or estate granted, and the act to be done must concern the interest created or title conveyed. If the covenant is of a collateral nature to the land, and is incapable in law of attaching to the interest or estate granted, it is a personal obligation, and will not bind or pass to assignees, even where they are expressly named. *Howard Mfg. Co. v. Water Lot Co.*, 53 Ga. 689; *Atlanta &c. R. Co. v. Jackson*, 108 Ga. 634 (34 SE 184); *Muscogee Mfg. Co. v. Eagle & Phenix Mills*, 126 Ga. 210 (54 SE 1028, 7 LRA (NS) 1139)."

Accordingly, the contract in the present case was not a covenant running with the land but a personal contract between the parties which would not bind their assignees, and the judgment of the trial court dismissing the plaintiffs' petition with prejudice was of necessity error.

4. Inasmuch as the prayers of the plaintiffs' petition sought a declaration that the contract was null and void as well as other relief and since such contract was not null and void as to the parties thereto, it was not error to overrule the plaintiffs'

motions for summary judgment since their motions were not limited but were motions which, if granted, would have granted all the relief prayed for and not just the partial relief to which they were entitled.

*Judgment affirmed in part; reversed in part.   All the Justices concur.*