## 56685. RONVEAUX v. WALTER REALTY INVESTORS.
## 56686. MARETT v. WALTER REALTY INVESTORS.

BANKE, Judge.

The appellee, Walter Realty Investors, petitioned for a declaratory judgment to nullify a document purporting to be an agreement restricting the development of a tract of land owned by the appellee. The document was executed jointly by Norman Wrigley and Thomas Fitzpatrick at a time when they were under contract with the appellee to purchase the land. Although it is styled as an agreement with "all contiguous landowners," it was not signed by anyone other than Wrigley and Fitzpatrick, the prospective purchasers. The appellants in the case, defendants below, are contiguous property owners who claim to have rights under the document, even though they did not sign it.

The "agreement" purports to limit access to the property to a single road and to control the nature and density of the structures to be placed on the property. Wrigley and Fitzpatrick executed the document and filed it as a title record in connection with an application to the Cobb County Planning Commission to have the property rezoned. The commission approved the rezoning subject to the restrictions contained in the "agreement," the terms of which were made a part of and incorporated into the

rezoning ordinance.

The sale to Wrigley and Fitzpatrick did not go through, and the appellee brought this action to have the "agreement" declared null and void and canceled as a cloud upon their title. This appeal is from a grant of summary judgment to the appellee. *Held:*

The "agreement" cannot be construed as a covenant running with the land since it was not part of a conveyance of any interest in the land. *Johnson v. Myers,* 226 Ga. 23 (3) (172 SE2d 421) (1970). While the appellants concede this point, they allege in their affidavit opposing the motion for summary judgment that Wrigley and Fitzpatrick signed the document acting as agents of the appellee, thereby personally binding the appellee to its terms. Such an allegation amounts to nothing more than a bare legal conclusion that an agency relationship existed and cannot in and of itself create a material issue of fact so as to defeat the motion for summary judgment. See *Salters v. Pugmire Lincoln-Mercury, Inc.,* ⸜124 Ga. App. 414 (1) (184 SE2d 56) (1971); *Brewer v. Southeastern Fidelity Ins. Co.,* 147 Ga. App. 562 (249 SE2d 668) (1978); *Phillips v. Aetna Cas. &c. Div.,* 148 Ga. App. 351 (1978). Furthermore, even if Wrigley and Fitzpatrick were acting as agents for the appellee, the document which they signed, though labeled an agreement with contiguous landowners, is in actuality nothing more than a unilateral promise which could not have conferred any contractual rights upon the appellants. For these reasons, the trial court did not err in declaring the document to be null and void and in ordering it canceled of record. This is not to say, however, that the document no longer breathes any life at all. Its terms continue to be a part of a presumably valid zoning ordinance.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 3, 1978 — DECIDED JANUARY 25, 1979.

*Fred D. Bentley, Sr., Edwards, Friedewald & Grayson, James W. Friedewald,* for appellant (Case No. 56685).

*Roy E. Barnes,* for appellant (Case No. 56686).

*Dupree & Staples, Hylton B. Dupree, Jr., Barnes & Browning, Roy E. Barnes, Jack M. Smith,* for appellee (Case No. 56685).

*Hylton B. Dupree, Jr., Fred D. Bentley, Sr., James W. Friedewald, Jack M. Smith,* for appellee (Case No. 56686).