## 34491. MULDAWER v. STRIBLING.

UNDERCOFLER, Presiding Justice.

Appellant, Paul Muldawer, filed suit against an adjacent landowner, appellee W. W. Stribling, seeking a permanent injunction prohibiting Stribling from applying for rezoning of his property from an R-2, residential single-family, classification to an R-3, townhouse-condominium, classification. Muldawer's complaint alleged that Stribling's acts seeking a rezoning were in violation of a restrictive and protective covenant

applicable to the respective property of the parties. Both sides filed motions for summary judgment, and Muldawer now appeals the trial court's grant of summary judgment in favor of Stribling and its denial of his cross motion for summary judgment.

The material facts in this case are undisputed. The binding covenant claimed by Muldawer was created by an agreement executed on September 10, 1970, between one of Stribling's predecessors in title, Nancy Creek Property Associates, and the North by Northwest Civic Association, together with a group of adjacent property owners. In this agreement, the prior owners of Stribling's property agreed with the owners of contiguous property, including Muldawer, that they would not utilize the subject 23 acre tract for purposes other than single-family residences and that they would not make a request that the zoning classification of any part of the property be changed. As consideration for this agreement, the adjacent owners agreed not to oppose a proposed rezoning of adjoining land owned by the prior owners. This agreement was recorded with the Clerk of the Fulton County Superior Court on January 7, 1971. No title to any property was conveyed when this contract was executed, and Stribling was not a party to this transaction.

In October, 1971, Nancy Creek Property Associates conveyed the property by warranty deed to Beechwood Hills Associates, a limited partnership. Their warranty deed contained a covenant whereby the grantee expressly agreed that it would be bound by the restrictions contained in the recorded agreement.

On October 31, 1974, the limited partnership conveyed the subject property to a general partnership, of which Stribling was a general partner. That warranty deed provided in pertinent part that, "this conveyance is also made subject to all outstanding liens, taxes, easements and restrictions of record." Subsequently the general partnership conveyed the property to W. W. Stribling, individually, by warranty deed dated April 15, 1976. This deed contained no assumption of any restrictions except two outstanding security deeds. Stribling admits that he filed an application in 1978 to change the zoning classification of the subject tract.

The issue to be decided in this appeal is whether Stribling is bound by the covenants contained in the 1970 agreement between Muldawer and Stribling's predecessor in title. The trial court, in granting summary judgment in favor of Stribling, relied on *Johnson v. Myers,* 226 Ga. 23 (172 SE2d 421) (1970). We agree with the trial court that under *Johnson v. Myers,* supra, the restrictions in the 1970 agreement would not run with the land because there was no privity of estate[1] between the contracting parties. However, that does not foreclose the issue.

The 1971 deed from Nancy Creek Property Associates to Beechwood Hills Associates conveyed the property subject expressly to the restrictions in the 1970 agreement. When Beechwood Hills Associates accepted this deed under this condition, it agreed to be bound by a covenant intended to and which did "touch and concern" the land.[2] Since the parties were in privity of estate, the covenants in the deed met all the requirements for running with the land. Stribling, as a successor in title is bound by these restrictive covenants.[3]

The only remaining question is whether Muldawer,

---

[1]In order for a covenant to run with the land, it must be one touching and concerning the land, the parties must intend that it do so, and there must be privity of estate between the parties. In this case, only the privity was lacking as the agreement itself provides that the covenants are intended to run with the land.

[2]*James Talcott, Inc. v. Roy D. Warren Commercial, Inc.,* 120 Ga. App. 544 (171 SE2d 907) (1969), is distinguishable as it involves a covenant to pay commissions which is considered a personal covenant and a successor in title would not be bound by such an agreement. *Goldberg v. Varner,* 72 Ga. App. 673 (34 SE2d 722) (1945).

[3]Stribling's argument that covenants running with the land are disfavored and are to be strictly construed is inapposite since the covenant here is clear and its meaning is not in doubt. *Taylor v. Smith,* 221 Ga. 55 (142 SE2d 918) (1965).

who is a stranger to Stribling's chain of title, may enforce these covenants.[4] We find that under Code Ann. § 3-108, allowing third party beneficiaries to enforce contracts made for their benefit, Muldawer may maintain this action against Stribling. Where a grantor sells his property with a restriction benefiting his neighbors, the neighbor, as the beneficiary, may enforce it. See *Wardlaw v. Southern R. Co.,* 199 Ga. 97 (33 SE2d 304) (1945).

The trial court erred in granting summary judgment to Stribling and in refusing to grant summary judgment to Muldawer.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs specially, and Jordan, J., who dissents.*

ARGUED FEBRUARY 19, 1979 — DECIDED MAY 30, 1979.

*Glass, Shaifer & Connell, George H. Connell, Jr.,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Mark S. Kaufman,* for appellee.

HALL, Justice, concurring specially.

I concur in the judgment because I view the case as involving a valid restrictive covenant enforceable in equity without regard to whether privity of estate exists. 51 ALR3d 556, 651, Restrictive Covenant, § 10 (1973).

JORDAN, Justice, dissenting.

From time immemorial courts have made the distinction between covenants running with the land and mere personal obligations resulting from an agreement restricting the use of real estate. The controlling factor is that there must be "privity of estate" in order to create a covenant running with the land. This principle was clearly enunciated in an opinion by Chief Justice Nichols in *Johnson v. Myers,* 226 Ga. 23 (172 SE2d 421) (1970).

---

[4] The 1970 agreement expressly provided that the adjacent property owners could maintain actions to enforce its terms.

The majority opinion recognizes this principle and apparently concedes that the agreement between Muldawer and Stribling's predecessor in title was not a covenant running with the land but merely a personal obligation binding only that predecessor in title.

But the majority opinion then holds that the subsequent conveyance of the property to a grantee who assumed the personal obligation mumbo jumbo converted the personal obligation into a covenant running with the land. This is clear error. A personal covenant cannot be converted into a covenant running with the land by reference thereto in a subsequent deed which will bind all the successive owners of the realty. It can only bind the grantee in whose deed it appears as a personal obligation. Since the terms of the personal agreement do not appear in the deed to Stribling, its terms were not accepted by him and cannot be binding on him.

This principle of law was succinctly stated in *James Talcott, Inc. v. Roy D. Warren Commercial,* 120 Ga. App. 544 (171 SE2d 907) (1969) as follows: "If a covenant is personal, it binds *only the original parties and those who may assume its obligations,* and upon a conveyance of the land . . . the transferee takes free of the obligation of any personal covenant appearing in the deed . . ."

The trial court correctly relied on the authorities cited above in granting a summary judgment for Stribling, a grantee who did not assume what everyone concedes to be a personal obligation between the original contracting parties.

I would affirm the trial court and therefore dissent from the majority opinion.