46958. JONES v. GADDY et al.

(380 SE2d 706)

CLARKE, Presiding Justice.

The question before us in this case is whether the grantee of a deed containing restrictive covenants has standing to complain that a successor in title to a separate tract of land deeded by the same grantor has breached identical covenants.

The Digbys, the common grantors of the parties here, divided a parcel of land into two tracts. A plat in the record prepared in May 1983, and recorded in January 1984, shows the Digby land divided into Tract A and Tract B. The plat itself contains no restrictive covenants. Appellees are all owners of lots in Tract A. Appellant is the

owner of all of Tract B.

The Digbys subdivided Tract A and sold a lot to Appellee Gaddy on August 4, 1983. The deed to Gaddy contained two restrictive covenants: that "a) No house may be built upon said land with less than 1200 square feet; b) No mobile home or prefabricated home of any kind may be placed upon said land or any subdivision thereof."

The Digbys sold all of Tract B to Appellant Jones' predecessor in title, Davidson, with identical restrictive covenants on August 31, 1983. The Digbys sold lots in Tract A to other appellees after this date. All of their deeds contain identical covenants.

Davidson sold Tract B to Jones October 2, 1986. Appellant Jones obtained a quitclaim deed from his own grantor, Davidson, releasing him from the restrictive covenants. He placed a mobile home or prefabricated home on his property. Appellees sued to enjoin him from putting a mobile or prefabricated home on his land in violation of the restrictive covenants. The trial court found that the covenants ran with the land and that he was enjoined from putting the home on his land.

Appellant Jones contends that the covenants are strictly personal and do not run with the land. He argues there is there no indication that the restrictions were intended to cover all of the original land of the Digbys. According to appellant, there are simply two unrelated tracts of land which were sold by deeds containing identical covenants. He insists that there is no indication that Tract B was restricted for the benefit of Tract A.

1) We find that the restrictions in the deed here are covenants pertaining to and running with the land. See generally Pindar, Georgia Real Estate Law, § 22-5 (3rd ed.); *Copelan v. Acree Oil Co.*, 249 Ga. 276 (290 SE2d 94) (1982); *Muldawer v. Stribling*, 243 Ga. 673 (256 SE2d 357) (1979); *Ronveaux v. Walter Realty Investors*, 148 Ga. App. 776 (252 SE2d 690) (1979); *Barton v. Gammell*, 143 Ga. App. 291 (238 SE2d 445) (1977).

2) However, the fact that the covenants run with the land is not dispositive of the question before us. OCGA § 9-2-20 (b) provides that the beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor. In *Muldawer v. Stribling*, supra, construing Ga. Code Ann. § 3-108 (present OCGA § 9-2-20), we held that "[w]here a grantor sells his property with a restriction benefitting his neighbors, the neighbor, as the beneficiary, may enforce it." *Muldawer*, supra at 676. The question is whether the grantor intended that the restrictions benefit the neighbors.

We do not find evidence that the grantor intended to formulate a plan for the development and subdivision of this property which included restrictions upon all of the property for the benefit of all of the grantees. *Knotts Landing Corp. v. Lathem*, 256 Ga. 321 (348 SE2d

651) (1986); *Westhampton, Inc. v. Kehoe*, 227 Ga. 642 (182 SE2d 430) (1971). Although contrary authority can be found, it is the general rule that evidence of the grantor's intent to burden land for the benefit of other landowners must be explicit. Annotation, *Restrictive Covenants — Who May Enforce*, 51 ALR 3d 556, 581. Generally, the presence of the same covenant in each deed of a common grantor is not enough to show a common plan which can be enforced by another landowner. Id. at 589.

Our inquiry into who may enforce the covenants here is not concluded by a determination that the landowners may not enforce them against one another on the basis of a general subdivision plan. In the absence of a specific expression of intent, it is presumed that the grantor intended that the restrictions are imposed for the benefit only of the land retained by the grantor. *Wardlaw v. Southern R. Co.*, 199 Ga. 97 (33 SE2d 304) (1945). The Digbys, as promisees, received the benefit of the promises made by the various deeds.

> Though no language of the promise may suggest an intention that the benefit of the promise shall run, the advantage from its running may be so obvious that it is proper to infer that the parties intended it to do so.

Restatement of Property, § 544 comment c (1944).

We have found that the *burden* of these promises ran with the land. The next question is whether the *benefit* of these promises also ran with the land. The Digbys did not sell all they had but, at least until 1988, retained part of "Tract A." *This* is the land which received the benefit of the covenants which ran with the land. Restatement of Property, § 543 Subsection (1) comment c (1944) contrasts the running of benefits and burdens:

> If the burden of a promise runs with land, the freedom of alienation of that land is to some extent restricted. The resulting restriction is permitted only when there is a countervailing benefit in the use of either burdened land or of some other land (see § 537, Comment *a*). There is, however, no corresponding social policy against permitting the benefit of a promise to run with the land. . . . For the benefit to run, the promise must be a promise respecting the use of land with which it runs. It must affect the way in which the land is used.

In *Grove Lakes Subdivision v. Hollingsworth*, 218 Ga. 443, 444-45 (128 SE2d 499) (1962), we held:

> [T]he owner of the fee has the right to sell his land subject

to such reservations or restrictions as he may see fit to impose, provided they are not contrary to public policy, and such reservations or restrictions create an easement, or servitude in the nature of an easement, upon the land conveyed for the benefit of the adjoining property of which the grantor remains the owner, and a grantee and a remote grantee from the former owner who imposes the restriction are entitled to the same remedy for its enforcement as was their grantor.

We find that the appellees here who took from the Digbys after the conveyance to appellant's predecessor in title are entitled to the benefit of the covenants in question and have standing to enforce them. Gaddy has no standing to enforce the restrictive covenant imposed on Tract B because he took title to his lot before the covenant was imposed. However, the remaining appellees may enforce the restrictive covenant because they took title to their lots after the covenant attached to Tract B.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents, and Hunt, J., not participating.*

DECIDED JULY 13, 1989.

*Hicks & Hicks, William E. Hicks,* for appellant.
*Eric L. Jones,* for appellees.