# CIRCUIT COURT OF THE CITY OF RICHMOND

Harrison & Bates, Inc.

v.

F. R. Assocs., L.P.,
C. F. Sauer Co.,
and Sauer Properties, Inc.

December 9, 1998

Case No. LE-1459-1

BY JUDGE MELVIN R. HUGHES, JR.

The three defendants in this case have filed demurrers to plaintiff's Motion for Judgment. C. F. Sauer Company and Sauer Properties, Inc., have filed a joint demurrer. F. R. Associates, Limited, the remaining defendant, has filed its own demurrer. After the demurrers were argued, the court took the matter under advisement. For the reasons that follow, the court decides to sustain the demurrers in part and overrule them in part.

"In accordance with well established principles ... a demurrer admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from alleged facts." *Cox Cable Hampton Roads v. City of Norfolk,* 242 Va. 394, 397 (1991). In keeping with these principles, the court will state the facts alleged in the motion for judgment plaintiff has filed and determine their legal sufficiency for stating a cause of action.

Harrison & Bates, Inc., the plaintiff (H & B) is a real estate agency which deals principally in commercial property. In October 1954, on behalf of C. F. Sauer, H & B procured a tenant for property known as the Willow Lawn property, which was then a tract of undeveloped land consisting of approximately sixteen acres. The property is now the site for the Willow Lawn Shopping Center. The tenant was the East Willow Lawn Corporation. C. F.

Sauer and East Willow Lawn Corporation entered into a written lease which provided for a 6% commission to H & B as follows:

> 16. Lessor agrees to pay to Harrison & Bates, its Agent, in consideration of their services in procuring this lease a commission of six per cent (6%) on all payments of rent made hereunder during the term of this lease and any renewal or extension thereof and it is hereby agreed as a covenant running with the land that no sale, transfer, or release by said Lessor shall affect this contract of agency. This lease has been executed by Harrison & Bates for the purpose of signifying its acceptance of such commission in the payment of said services.

The lease with the foregoing provision was put to record in the clerk's office of Henrico County, Virginia, on June 28, 1955.

In November 1983, Willow Lawn Shopping Center, L.P., transferred the lease to Federal Realty Investment Trust with C. F. Sauer's consent as lessee.

In February 1984, Sauer Properties, Inc., and Federal Realty Investment Trust amended the lease by providing in paragraph 17:

> 17. *Commission.* Lessor agrees to pay to Harrison & Bates, Inc., its Agent, in consideration of their services in procuring this lease a commission of six percent (6%) on all payments of rent made hereunder during the term of this lease and it is hereby agreed as a covenant running with the land that no sale, transfer, or release by the Lessor shall affect this contract of agency. This lease has been executed by Harrison & Bates for the purpose of signifying its acceptance of such commission in payment of said services.

A memorandum of the amended lease was recorded in the clerk's office of the Circuit Court of Henrico County, Virginia.

H & B seeks to recover $6,681,870.00 for commissions. The leases are attached to the pleadings. According to the defendants, this amount would necessarily include commissions due on rents that are payable over the entire term of the 1985 restated lease to September 20, 2029, and over the renewal option to September 30, 2059. Defendants assert that H & B's pleading does not assert a cognizable claim because there is no lease provision permitting an acceleration of future monthly installments of rent. Otherwise, rent payments are divisible and cannot be sued upon until they are due.

In addition, F R Associates argues that H & B is not a third party beneficiary of the assignment and assumption of the lease agreement and thus

its action is not maintainable. Further, F R continues, H & B cannot base its claims for rent commissions on the provision in the lease, mentioning that the commission payments run with the land because under law the pleadings do not establish that they do.

As noted, the court disagrees with the defendants in part. As H & B points out, the Motion for Judgment does allege in paragraph 23 that it was a known and intended beneficiary. The court agrees with H & B that, at this stage, on demurrer, it is sufficient that the allegation is made and that the proof of this should await developments later on in the proceedings including evidence at trial.

Also, H & B relies on an assumption provision in the lease mentioned in the Motion for Judgment as a basis that H & B was an intended beneficiary.

> *Assumption of Lease Agreement.* F R hereby assumes all of the obligations of Sauer as Landlord under the Lease Agreement, whether present or future, and covenants that during the continuance "of said term to perform all of the covenants, conditions, provisions, stipulations, and agreements on the part of Sauer to be performed hereunder."

As the only affirmative obligation under the lease was to pay commissions, as pleaded, the Motion for Judgment has to withstand demurrer on the matter of assumption and third party beneficiary.

However, the court agrees with the defendants regarding the issue of a covenant running with the land. To run with land, there must be "(1) privity between the original parties; (2) privity between original parties and their successors; (3) an intent that the restriction run with the land; and (4) that the covenant 'touch and concern' the land." *Sloan v. Johnson,* 254 Va. 271, 276 (1997). Here, a promise to pay commissions on rent, though stated in the lease as a covenant running with the land, cannot be such because a brokerage agreement cannot touch and concern the land. The court has not been cited to any Virginia authority supporting plaintiff's position; the authority the defendants point to from other states are on the side that such agreements cannot be a covenant because they do not affect the physical use of the land. *See Coggins v. Joseph,* 504 S.W.2d 211 (Miss. 1987); *Utilities & Industries Corp. v. Carter & Assoc.,* 287 S.E.2d 77 (Ga. App. 1981); *Blasser v. Cass,* S.W.2d 807 (Tex. 1987); *see also Goldberg v. Varner,* 34 S.E.2d 722 (Ga. App. 1945). It is the court's view also that the requirement of "touch and concern" cannot be overcome by a mere declaration that a covenant runs with land. *See Goldberg v. Verner,* 34 S.E.2d 722, 724 (Ga. App. 1945).

Lastly, there is a more fundamental failing of H & B's statement of its case against the defendants. The Motion for Judgment relies on the leases for the recovery of rents due well into the future. H & B can only sue for accrued rents that may be unpaid when the suit is filed, not those that may be due in the future. Contracts which set out payments that are due in installments are divisible and no action for them applies until they fall due. Nor can H & B bring suit on a theory of anticipatory breach because such a claim would only lie in the case of an indivisible contract not a divisible one as here. *Roberts v. Coal Processing Corp.*, 234 Va. 556, 561 (1988). For these reasons H & B cannot accelerate its commissions for monthly rent payments to be paid in the future.

For the foregoing reasons, the defendants' demurrers are sustained in part and overruled in part. Counsel should collaborate on an order and submit to making provisions for the preservation of exceptions. The order should provide that H & B will have leave to file an amended Motion for Judgment within twelve days and the defendants may make any response within ten days of receipt of an amended Motion for Judgment.