## A07A0530. GODLEY PARK HOMEOWNERS ASSOCIATION, INC. v. BOWEN.

### (649 SE2d 308)

MILLER, Judge.

Mary Gwyn Bowen filed a verified complaint seeking an interlocutory injunction permitting her to erect a "For Sale" sign in the window of her residence in the Godley Park subdivision in Pooler. The Godley Park Homeowners Association, Inc. (the "Association") answered and counterclaimed, seeking an injunction barring the erection of the sign under the restrictive covenants applicable to the subdivision (the "Covenants"). Following a hearing, the trial court granted Bowen the interlocutory injunction she sought and denied the same to the Association. The Association appeals, contending that the trial court's refusal to enjoin the erection of a "For Sale" sign on Bowen's property was contrary to the express terms of a valid and governing restrictive covenant. We agree and reverse.

"Restrictive covenants on real estate run with the title to the land and are specialized contracts that inure to the benefit of all property owners affected. [Cit.]" *Rice v. Lost Mountain Homeowners Assn.*, 269 Ga. App. 351, 354 (3) (604 SE2d 215) (2004). "The construction, interpretation and legal effect of such a contract is an issue of law to which the appellate court applies the plain legal error standard of review." (Punctuation and footnote omitted.) *Crawford v. Dammann*, 277 Ga. App. 442, 444 (1) (626 SE2d 632) (2006). The interpretation of restrictive covenants, as applicable to all contracts, is a three-step process.

> Initially, construction is a matter of law for the court. First, the trial court must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning. Next, if the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity. Finally, if the ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury or other factfinder. The existence or nonexistence of an ambiguity is a question of law for the court. If the court determines that an ambiguity exists, however, a jury question does not automatically arise, but rather the court must first attempt to resolve the ambiguity by applying the rules of construction in OCGA § 13-2-2. [Cit.]

*Skylake Property Owners Assn. v. Powell*, 281 Ga. App. 715, 716 (1) (637 SE2d 51) (2006).

Section 5.4.8 of the Covenants pertains to the question of signage in Godley Park as follows:

> *Signs. No sign of any kind shall be erected by an Owner or Occupant within Godley Park without the prior written consent of the Architectural Review Committee.* Notwithstanding the foregoing, the Board and [D. R. Horton, Inc.] shall have the right to erect reasonable and appropriate signs. *This prohibition includes signs erected within a structure on a Lot but visible from outside the structure.* The Declarant shall have the right to erect and maintain "For Sale" or "For Rent" signs on any Lot in its sole discretion. No Owner shall erect "For Sale" or "For Rent" signs other than the Declarant.

(Emphasis supplied.)

Bowen does not challenge the foregoing as, on its face, plainly preventing her from erecting a "For Sale" sign on her property. Rather, she argues that such prohibition is inapplicable to her real estate agent's right to do so; that the trial court's decision to deny the Association's motion for injunctive relief must be affirmed because the Association failed to include a transcript of the hearing below with the record on appeal; that a restrictive covenant prohibiting an owner from erecting a "For Sale" sign on the owner's property is an unenforceable restraint on trade; and that such a covenant is an unenforceable restraint on alienation. These arguments are without merit.

a. Bowen does not challenge the prohibition contained in Section 5.4.8 of the Covenants as applicable to her individually, but rather claims that her real estate agent was not restricted by such prohibition. An agent, however, may do no more than his or her principal. See OCGA §§ 10-6-20 and 10-6-25; see also *Tippins v. Cobb County Parking Auth.*, 213 Ga. 685, 688 (100 SE2d 893) (1957). As a result, Bowen's real estate agent lacked authority to erect a "For Sale" sign on her property on her behalf.

b. Bowen contends that the denial of the Association's motion for injunctive relief must be affirmed, correctly arguing that the burden is upon the party asserting error to show error by record. Further, we acknowledge that where the question for decision is whether the trial court abused its discretion by providing injunctive relief, the party asserting error must include transcripts of the evidence and the proceedings or suffer this Court's presumption that the evidence supports the issuance of the injunction. *Turner v. Flournoy*, 277 Ga. 683, 684 (1) (594 SE2d 359) (2004).

As we have indicated, however, the construction, interpretation and legal effect of a contract are an issue of law. *Skylake Property Owners Assn.*, supra, 281 Ga. App. at 716 (1). In this case,

> the trial judge was not vested with any discretion to grant an interlocutory injunction, since discretion is limited to cases where there is a conflict in the evidence. Where there is no material conflict in the evidence, the applicable rules of law cannot be avoided on the basis of discretion.

*Davis v. Miller*, 212 Ga. 836, 840 (96 SE2d 498) (1957). Here, the issue on appeal is one of law rather than discretion. Accordingly, Godley Park may establish that the trial court erred even though it failed to include a transcript of the proceedings below in the record on appeal.

c. Bowen argues that Section 5.4.8 of the Covenants is an unenforceable restraint on trade, citing Ga. Const. of 1983, Art. III, Sec. VI, Par. V and OCGA § 13-8-2 as foreclosing any contract frustrating competition or encouraging a monopoly and barring contracts in restraint of trade as contrary to public policy, respectively. This argument, however, is unavailing. Georgia cases citing such authority pertain to restrictive covenants in the employment arena, not to restrictive covenants on the use of real property. See, e.g., *Palmer & Cay of Ga. v. Lockton Cos.*, 280 Ga. 479 (629 SE2d 800) (2006); *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 466 (2) (422 SE2d 529) (1992); *Wiley v. Royal Cup*, 258 Ga. 357 (370 SE2d 744) (1988). In Georgia, it is clear that two parties may contract away or extend their rights as they please regarding the use of real property so long as public policy is not violated. *Winslette v. Keeler*, 220 Ga. 100, 100-101 (1) (137 SE2d 288) (1964). "It is well settled that the grantor of real property may restrict the use of it by restrictive covenants. . . ." (Footnote omitted.) *Bryan v. MBC Partners*, 246 Ga. App. 549, 551 (3) (541 SE2d 124) (2000). Moreover, "[c]ourts exercise extreme caution in declaring a contract void as against public policy and will do so only where the case is free from doubt and the injury to the public interest is clearly apparent." (Footnote omitted.) *Universal Mgmt. Concepts v. Noferi*, 270 Ga. App. 212, 214 (1) (605 SE2d 899) (2004). This is not such a case.

d. Finally, we conclude that there is no merit in the claim that Section 5.4.8 of the Covenants is an unenforceable restraint on alienation in violation of OCGA § 44-6-43. Such Code section provides that "[c]onditions which are repugnant to the estate granted, which require impossible or illegal acts to be performed, or which in themselves are contrary to the policy of the law are void."

Bowen concedes that the Covenant does not directly prohibit the sale of her property. Relying on *Statham v. Kelly*, 276 Ga. 877 (584

SE2d 246) (2003), *Jackson v. Jackson*, 215 Ga. 849 (113 SE2d 766) (1960), and *Wills v. Pierce*, 208 Ga. 417 (67 SE2d 239) (1951), she nonetheless asserts that the Covenant is unenforceable as a restraint on alienation in that it "inhibits and restricts the owner's and real estate agent's ability to effectively market and sell the property." Such precedents, however, are here inapposite as each case turned on that which was deemed an *absolute* restraint on alienation. This argument is also thus unavailing to Bowen in avoiding reversal of the underlying judgment.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JUNE 20, 2007.

*Weiner, Shearouse, Weitz, Greenberg & Shawe, Joshua D. Walker, Malcolm Mackenzie III, Anthony R. Casella,* for appellant.
*McCorkle, Pedigo & Johnson, Mathew M. McCoy,* for appellee.