A11A0019, A11A0020. TYLER v. THOMPSON (two cases).
(707 SE2d 137)

ANDREWS, Judge.

Kenan S. Thompson sued Herman Tyler and his brother, Ernest Tyler, to recover money Thompson entrusted to Herman Tyler as a financial advisor to manage and invest. Thompson claimed on various grounds, including money had and received, fraud, conversion, and breach of fiduciary duty, that Herman Tyler unlawfully took the entrusted money. Thompson claimed that Ernest Tyler conspired with Herman Tyler to unlawfully take the entrusted money when a portion of the money was used to buy and sell real property in Ernest Tyler's name. Herman Tyler (Case No. A11A0019) and Ernest Tyler (Case No. A11A0020) appeal pro se from the trial court's grant of summary judgment in favor of Thompson in the amount of $1,224,499.66 of the entrusted money, plus attorney fees and costs pursuant to OCGA § 13-6-11 in the amount of $47,493.08.[1] As to the grant of summary judgment for $1,224,499.66 of the entrusted money, we affirm the grant of summary judgment against Herman Tyler, and reverse the grant of summary judgment against Ernest Tyler. We reverse the grant of summary judgment against Herman and Ernest Tyler for attorney

---

[1] The suit was originally brought by Kenan Thompson and his mother, Elizabeth Thompson. Summary judgment was sought by and granted to Kenan Thompson.

fees and costs in the amount of $47,493.08.

1. Both Tylers claim that the grant of summary judgment for attorney fees and costs pursuant to OCGA § 13-6-11 was error, and Thompson concedes this was error. We agree. As set forth in *Covington Square Assoc. v. Ingles Markets*, 287 Ga. 445 (696 SE2d 649) (2010), awarding summary judgment in favor of a claimant for expenses of litigation under OCGA § 13-6-11 is error because the issue is for the trier of fact. Accordingly, we reverse to the extent the trial court granted summary judgment in favor of Thompson for attorney fees and costs under OCGA § 13-6-11 in the amount of $47,493.08.

2. As to the grant of summary judgment for the sum of $1,224,499.66, both Tylers claim that procedural errors in the grant of summary judgment require reversal.[2]

(a) There is no merit to the Tylers' claims that the trial court erred by granting summary judgment without issuing findings of fact and conclusions of law. "The trial court is not required to make express findings of fact and conclusions of law in ruling on motions for summary judgment pursuant to OCGA § 9-11-56." (Citation and punctuation omitted.) *Thomas v. DeKalb County*, 227 Ga. App. 186, 188 (489 SE2d 58) (1997).

(b) There is no merit to the Tylers' claims that the trial court erred by refusing to hear and grant a motion to compel discovery before ruling on the motion for summary judgment. The record shows that, after the complaint was filed in April 2001 and answers were filed by the Tylers in May 2001, the time for discovery was extended by court order through August 1, 2002. Thompson moved for summary judgment in July 2004. After notice was sent setting the summary judgment motion for hearing in November 2004, the Tylers sent notices stating that they intended to take the depositions of Kenan and Elizabeth Thompson a few days prior to the summary judgment hearing. The parties agreed to delay the November 2004 hearing on the motion for summary judgment to allow completion of this discovery. After a series of e-mails were sent between the parties in November 2004 attempting to agree on a date to schedule the depositions, Herman Tyler's attorney sent a letter in November 2004 to the Thompsons' attorney offering a deposition date in December

---

[2] Herman Tyler asserts only procedural error and does not claim that any genuine issue of material fact precluded award of summary judgment against him for the sum of $1,224,499.66 under OCGA § 9-11-56. Accordingly, Herman Tyler waived any claim of error with respect to the substance of this portion of the summary judgment award. *Garner v. Roberts*, 238 Ga. App. 738-739 (520 SE2d 255) (1999). As set forth in Division 3, infra, Ernest Tyler also asserts that genuine issues of material fact preclude the award of summary judgment against him for the sum of $1,224,499.66.

2004, and stating, "I will await your reply." The record reflects no further communication regarding the depositions. In May 2007, the trial court entered an order placing the case on the June 2007 "civil peremptory calendar" for "open cases not on the trial ready list in which the discovery has expired." At a September 2007 hearing on the motion for summary judgment, the Thompsons and Herman Tyler, who was represented by an attorney at that time, appeared before the trial court and agreed to delay the hearing to give Herman Tyler a month to take the Thompsons' depositions. The Thompsons contend, and the Tylers do not dispute, that no effort was made to schedule the depositions during this period. The hearing on the motion for summary judgment was rescheduled for October 2007, but was again delayed when the trial court entered an order in October 2007 allowing Herman Tyler's attorney to withdraw from the case. The hearing on the motion for summary judgment was rescheduled for November 19, 2007. On November 9, 2007, Herman Tyler filed a pro se motion to compel discovery seeking a court order compelling Kenan and Elizabeth Thompson to submit to depositions. The motion referred to the fact that the parties exchanged e-mails in November 2004 regarding the depositions and that Herman Tyler's attorney then offered a December 2004 deposition date in the letter to the Thompsons' attorney which stated, "I will await your reply." The motion seeks an order compelling the depositions because three years passed without a reply. The motion to compel was scheduled to be heard at the hearing on the motion for summary judgment. At the summary judgment hearing, Herman Tyler argued the motion to compel before the trial court and asked the court to grant the motion to compel the depositions before ruling on the motion for summary judgment.

No express order was entered by the trial court denying the motion to compel discovery. Nevertheless, on these facts, we will not presume that the court failed to consider the motion to compel before ruling on summary judgment. *Green v. Sun Trust Banks*, 197 Ga. App. 804, 807 (399 SE2d 712) (1990). Rather, "[i]t is presumed that the court implicitly denied the motions to compel upon entering summary judgment." Id. We conclude that the trial court did not abuse its discretion by denying the motion to compel.

"A trial court has wide discretion to shorten, extend, or reopen the time for discovery, and its decision will not be reversed unless a clear abuse of that discretion is shown." *Woelper v. Piedmont Cotton Mills*, 266 Ga. 472, 473 (467 SE2d 517) (1996). Moreover, under Uniform Superior Court Rule 5.1,

[i]n order for a party to utilize the court's compulsory process to compel discovery, any desired discovery proce-

> dures must first be commenced promptly, pursued diligently and completed without unnecessary delay and within 6 months after the filing of the answer. At any time, the court, in its discretion, may extend, reopen or shorten the time to utilize the court's compulsory process to compel discovery.

Assuming the trial court properly exercised its discretion at the September 2007 hearing date to delay the hearing on the motion for summary judgment and extend the time allowing Herman Tyler to take the depositions, there is no evidence that Herman Tyler made any effort to schedule the depositions before the court rescheduled the hearing. Although Herman Tyler filed a motion to compel the depositions ten days before the November 2007 hearing on summary judgment, he did not contend in the motion or at the hearing that he attempted to take the Thompsons' depositions at any time after the discovery period was extended at the September 2007 hearing date. Rather, he simply argued that three years had passed after his attorney exchanged communications with the Thompsons' attorney in 2004 attempting to schedule the depositions. Given Herman Tyler's lack of diligence with regard to taking the depositions, the trial court did not abuse its discretion by denying the motion to compel discovery and ruling on the motion for summary judgment. *Woelper,* 266 Ga. at 473; *Scott v. LaRosa & LaRosa, Inc.,* 275 Ga. App. 96, 98-99 (619 SE2d 787) (2005).

3. Ernest Tyler contends that genuine issues of material fact preclude the trial court's grant of summary judgment against him under OCGA § 9-11-56 for the sum of $1,224,499.66. Thompson's suit alleged that he entrusted this money to Herman Tyler to manage and invest, and sought to recover the entrusted funds from Herman Tyler on the basis of money had and received, fraud, conversion, and breach of fiduciary duty. As to Ernest Tyler, Thompson sought summary judgment for the entrusted money on the basis that, after the money was entrusted to Herman Tyler, Ernest Tyler conspired with Herman Tyler as part of an unlawful scheme to defraud Thompson, convert the entrusted money, and breach fiduciary duties. Thompson pointed to evidence that Ernest Tyler joined in the scheme when some of the money entrusted to Herman Tyler was used to purchase and sell real property in the name of Ernest Tyler, and the money used for this purpose was not returned to Thompson. Thompson claims that this evidence established, as a matter of law, that Ernest Tyler knowingly agreed to participate with Herman Tyler in a conspiracy to advance the unlawful scheme.

To recover damages based on a claim of civil conspiracy, a plaintiff must show that two or more persons combined "either to do some act which is a tort, or else to do some lawful act by methods

which constitute a tort. . . . [T]he conspiracy of itself furnishes no cause of action. The gist of the action . . . is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage." (Punctuation omitted.) *Savannah College of Art & Design v. School of Visual Arts of Savannah*, 219 Ga. App. 296, 297 (464 SE2d 895) (1995). The essential element of the alleged conspiracy is proof of a common design establishing "that two or more persons in any manner, either positively or tacitly, arrive at a mutual understanding as to how they will accomplish an unlawful design." *Parrish v. Jackson W. Jones, P.C.*, 278 Ga. App. 645, 649 (629 SE2d 468) (2006). After the conspiracy is formed, members of the conspiracy are jointly and severally liable for acts of co-conspirators done in furtherance of the conspiracy. *Cook v. Robinson*, 216 Ga. 328, 329 (116 SE2d 742) (1960). Even if evidence that property was purchased and sold in Ernest Tyler's name with money Thompson entrusted to Herman Tyler could support an inference that Ernest Tyler conspired with Herman Tyler to tortiously deprive Thompson of money used for this purpose, we find that whether or not this inference should be drawn is a jury issue. *Outside Carpets v. Industrial Rug Co.*, 228 Ga. 263, 269 (185 SE2d 65) (1971); *John D. Stephens, Inc. v. Gwinnett County*, 175 Ga. App. 379, 386 (333 SE2d 396) (1985). The trial court erred by granting summary judgment against Ernest Tyler for $1,224,499.66.

*Judgment affirmed in part and reversed in part in Case No. A11A0019. Judgment reversed in Case No. A11A0020. Phipps, P. J., and McFadden, J., concur.*

DECIDED MARCH 4, 2011.

Herman Tyler, *pro se.*
Ernest Tyler, *pro se.*
*Taylor, Feil, Harper, Lumsden & Hess, Lisa F. Harper,* for appellee.