A11A0725, A11A0726. CROUCH v. BENT TREE COMMUNITY, INC.; and vice versa.

(713 SE2d 402)

MCFADDEN, Judge.

These cross-appeals arise from the trial court's summary judgment rulings based on restrictive covenants and rules governing the Bent Tree Community in Jasper, Georgia. Because the trial court correctly refused to consider an affidavit that set forth mere legal conclusions and simply enforced the clear and unambiguous terms of the covenants, we affirm the trial court's summary judgment rulings. But because a trial court may not grant attorney fees pursuant to OCGA § 13-6-11 on summary judgment, we reverse that award.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Wyndham Lakes Homeowners Assn. v. Gray*, 303 Ga. App. 45 (692 SE2d 704) (2010).

So viewed, the evidence shows that Matthew Crouch purchased a lakefront home in the Bent Tree Community. Prior to the purchase, he received and reviewed the community's covenants and rules. He subsequently began storing a pontoon boat at the lake, near the water's edge. Bent Tree notified Crouch that he was violating the community's covenants and rules against storing boats in green belt areas and that he would be fined if he failed to comply with the boat storage regulations. Approximately one week later, Crouch was notified by Bent Tree that he would be fined $25 per day for his continued violations and that he could request a hearing before the Board of Directors. Pursuant to his request, two hearings were held, after which the Board concluded that Crouch had continued to violate Bent Tree's covenants regarding the storage of his boat in a green belt area.

Crouch filed a complaint in superior court, seeking a declaratory judgment that the Bent Tree covenants are vague and unenforceable, and he filed an amended complaint requesting that his violation

be declared a casual encroachment, that he be granted a license for the encroachment, and that the fines imposed against him be declared void. Bent Tree filed a counterclaim, seeking a declaratory judgment that the covenants are not vague and are enforceable, judgment for the amount of fines accrued and an award of attorney fees. The parties filed opposing motions for summary judgment. After a hearing, the trial court denied summary judgment to Crouch and granted summary judgment to Bent Tree, awarding Bent Tree the accrued fines and attorney fees incurred in pursuing its counterclaim. Crouch appeals from the summary judgment rulings, and Bent Tree cross-appeals from the denial of attorney fees incurred in defending against Crouch's complaint.

### Case No. A11A0725

1. Crouch contends that the trial court erred in ruling that Bent Tree's restrictive covenants prohibit the storage of boats in the community's common green belt areas. The contention is without merit.

> Restrictive covenants on real estate run with the title to the land and are specialized contracts that inure to the benefit of all property owners affected. The construction, interpretation and legal effect of such a contract is an issue of law to which the appellate court applies the plain legal error standard of review.

(Citations and punctuation omitted.) *Godley Park Homeowners Assn. v. Bowen*, 286 Ga. App. 21 (649 SE2d 308) (2007). In construing a restrictive covenant, the trial court "must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning." Id. Accordingly, we determine de novo whether the trial court correctly ruled that Bent Tree's restrictive covenants prohibit the storage of boats on the green belt areas. See *Crawford v. Dammann*, 277 Ga. App. 442, 444 (1) (626 SE2d 632) (2006).

Article IX, Section 3 of Bent Tree's Declaration of Covenants, Conditions and Restrictions provides that every property owner "shall comply with the Declaration and rules and regulations of [Bent Tree] adopted pursuant thereto, and any lack of compliance shall entitle [Bent Tree] . . . to take action to enforce the terms of the Declaration or [the] rules and regulations." With regard to boat storage, Article V, Section 20 (n) of the Declaration states that no

> boat . . . shall be permitted on any lot except in an enclosed garage or such other location approved by the [Architec-

tural Committee] if screened so as not to be visible from any other lot. An exception shall be any lake lot owner may place a canoe, jon boat and other similar size boat on the lot near the water's edge and *not on the green belt area.*

(Emphasis supplied.)

The Bent Tree rules and regulations further provide that lakefront property owners may store their boats in accordance with the restrictive covenant cited above, and that "[b]oats must be located on the owner's property and *not on the Green Belt.*" (Emphasis supplied.) The green belt areas are defined in pertinent part as Bent Tree "property, typically located behind houses, around the lake, between the shoreline and the property of individual owners. . . . The green belt area is for all members to use and enjoy and must be retained and maintained for this purpose."

Contrary to Crouch's claim, the clear and unambiguous terms of the covenants and rules prohibit the storage of boats on the community's green belt areas. Accordingly, the trial court did not err in simply enforcing the covenants and rules according to their plain terms.

2. Crouch argues that the trial court erred in failing to rule that Bent Tree had not considered his request for a license to continue his encroachment as required by the terms of Article V of the Declaration. But Article V does not authorize Bent Tree to issue such a license to Crouch.

According to Article V, Section 1, the primary purpose of that article, is "to protect and preserve property values in Bent Tree by maintaining architectural and aesthetic harmony and compatibility among the lots and the structures and improvements on the lots in Bent Tree." To that end, Article V, Section 2 provides that the Architectural Committee shall have exclusive jurisdiction over

(a) all original construction of all dwellings and other structures and improvements . . . on any lot or portion of the Common Properties; (b) all other exterior or visible modifications, additions, or alterations on lots or portions of the Common Properties . . . ; and (c) all maintenance, repair or replacement of exterior portions of dwellings or other improvements on lots or the Common Properties.

Article V, Section 3 further states that the Architectural Committee may consider requests for approval of improvements to lots or common areas, but that no property owner "may commence, make or maintain any exterior alteration, improvement, or construction to a lot or the Common Properties, without first obtaining the written

approval of the [Architectural Committee]."

It is apparent that Crouch's placement of a pontoon boat on the green belt area does not constitute any sort of architectural construction, maintenance or repair that would fall under the exclusive jurisdiction of the Architectural Committee, as set forth in Article V. Moreover, even if storage of a boat could somehow be deemed an alteration, improvement or construction on a lot or common property, Crouch never sought approval for such storage prior to encroaching on the green belt. Thus, under the unambiguous language of the Declaration, Bent Tree was not authorized to give him a license, and we therefore affirm the judgment of the trial court. See *Black Island Homeowners Assn. v. Marra*, 274 Ga. App. 265, 266 (1) (617 SE2d 148) (2005).

3. Crouch claims that the trial court erred in failing to consider the affidavit of an attorney, containing legal conclusions about the covenants, that Crouch filed in support of his motion for summary judgment. However, "affidavits containing mere legal conclusions and allegations present no issues of fact on a motion for summary judgment." *Swanson v. Lockheed Aircraft Corp.*, 181 Ga. App. 876, 879-880 (1) (b) (354 SE2d 204) (1987). Indeed, such legal conclusions "are to be disregarded in considering the affidavit in connection with the motion for summary judgment." (Citation and punctuation omitted.) *Consumer Solutions Financial Svcs. v. Heritage Bank*, 300 Ga. App. 272, 275 (1) (684 SE2d 682) (2009). Accordingly, the trial court did not err in refusing to consider the affidavit setting forth mere legal conclusions.

4. Crouch contends that the trial court erred in granting summary judgment to Bent Tree on its counterclaim because there are genuine issues of material fact as to whether he received notice of the green belt violation, whether the rules and covenants put him on notice of the green belt policy and whether Bent Tree enforced the green belt policy in an arbitrary manner.

However, as recited above, the evidence shows that the unambiguous terms of the covenants and rules prohibit storage of boats on the green belt areas, that Crouch was given and reviewed those covenants and rules prior to purchasing his home, that he violated the prohibition by storing his pontoon boat on a green belt area, that he was twice notified in writing of the violations and that two Board hearings on the matter were held pursuant to his requests. Thus, contrary to his claims, there are no genuine issues of material fact as to whether the rules put him on notice of the policy and whether he was properly notified of his violations.

As for his claim that there is a genuine issue as to whether Bent Tree enforced the green belt policy in an arbitrary manner, Crouch has cited no evidence in support of this claim. Because there are no

genuine issues of material fact, the trial court correctly granted summary judgment to Bent Tree. OCGA § 9-11-56.

5. Crouch enumerates that the trial court erred in enjoining him from storing his boat on Bent Tree's common properties and in enforcing the fines assessed by Bent Tree. He does not set forth additional arguments in support of this enumeration, but relies on his arguments in support of his first two enumerations of error. As discussed above in Divisions 1 and 2, those enumerations are without merit.

6. Crouch asserts that the trial court erred in awarding attorney fees and expenses pursuant to OCGA § 13-6-11 on summary judgment. We agree. As the Supreme Court of Georgia has explained, "because both the liability for and amount of attorney fees pursuant to OCGA § 13-6-11 are [issues] solely for the jury's determination, a trial court is not authorized to grant summary judgment in favor of a claimant therefor. [Cits.]" *Covington Square Assoc. v. Ingles Markets*, 287 Ga. 445, 446 (696 SE2d 649) (2010). Although a trial court may grant attorney fees pursuant to OCGA § 13-6-11 when it sits as the trier of fact, "it is not a trier of fact on a motion for summary judgment. [Cits.]" Id. at 448. Accordingly, we reverse the trial court's summary judgment in favor of Bent Tree for attorney fees and costs under OCGA § 13-6-11. See *Tyler v. Thompson*, 308 Ga. App. 221, 222 (1) (707 SE2d 137) (2011).

## Case No. A11A0726

7. Bent Tree contends that, pursuant to Article V, Section 13 of the Declaration, the trial court should have awarded it attorney fees incurred in defending against Crouch's complaint. However, by its plain terms, Article V, Section 13 allows for the recovery of attorney fees only when Bent Tree has had to enforce the covenant against nonconforming "construction, alteration or other work done in violation of this article[.]" Here, the only violation is the improper placement of a boat on the green belt; there has been no allegation of nonconforming construction, alteration or other work. Accordingly, the trial court did not err in failing to award attorney fees pursuant to Article V, Section 13.

*Judgment affirmed in part and reversed in part in Case No. A11A0725. Judgment affirmed in Case No. A11A0726. Phipps, P. J., and Andrews, J., concur.*

DECIDED JUNE 10, 2011 —
RECONSIDERATION DENIED JUNE 29, 2011.

*Shapiro, Fussell, Wedge & Martin, George M. Kent, Jr., Tracy A. Marion,* for appellant.

*Carlock, Copeland & Stair, Eric J. Rogers, Dennis G. Lovell, Jr.,* for appellee.